*David Rumsey* and *Louis J. Wolff* for Fred S. James & Co., et al., intervenors.

*B. F. Sturgis, Milton B. Ignatius* and *Hartwell Cabell* for John F. Murphy, intervenor.

*Per Curiam.* Motion to dismiss appeal denied, with costs. The order dismissing the appeal should be reversed, with costs, and the case remitted to the Appellate Division to pass on the merits.

The stay pending appeal to this court falls. The case having been remitted to the Appellate Division, the application for payments to the North Star Insurance Company and the Reinsurance Company, Salamandra, and others must be made to the Supreme Court.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE KAMMERER, Appellant, *v.* WARDEN OF THE NEW YORK COUNTY PENITENTIARY, Respondent

*Constitutional law — Parole Commission Law — habeas corpus — constitutionality of Parole Commission Law — writ of habeas corpus dismissed.*

*People ex rel. Kammerer* v. *Warden, etc.,* 215 App. Div. 673, affirmed.

(Argued November 23, 1925; decided December 8, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 23, 1925, which affirmed an order of Special Term dismissing a writ of habeas corpus. Relator, a prisoner in the New York County Penitentiary, sued out the writ claiming that the Parole Commission Law (L. 1915, ch. 579, amd. L. 1916, ch. 287) under which he claims he is held is invalid, because the bill providing for the amendment, passed in 1916, was not properly passed so as to affect the city of New York or that class of cities, and that the amendment to the Constitution providing for the classification of cities was adopted in

defiance of the express provisions of section 1 of article 14 of the Constitution of the State of New York, prescribing the mode and manner to be followed in amending the Constitution.

*George Kammerer*, appellant in person.

*Joab H. Banton, District Attorney (Michael J. Driscoll* of counsel), for respondent.

Order affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of MARY G. MULQUEEN for Construction of the Will of MICHAEL J. MULQUEEN, Deceased.

MARY G. MULQUEEN, as Executrix, Appellant; CARR MULQUEEN, by JOSEPH W. KELLER, His Special Guardian, Respondent.

*Will — decedent's estate — when child born subsequent to making of will entitled to share in estate as though testator died intestate — construction of will.*

*Matter of Mulqueen*, 213 App. Div. 637, affirmed.

(Argued November 23, 1925; decided December 8, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1925, which reversed a decree of the New York County Surrogate's Court construing the will of Michael J. Mulqueen, deceased. The question was whether a child born subsequent to the making of the will was entitled to share in the estate of the decedent as though he had died intestate. The surrogate held that directions in the will for payment, under certain contingencies, of certain funds " to my children equally " and the use of the words " him or her," in referring to a surviving child in the event of the death of his only son living at the time of making the will evidenced that he had the possibility of additional children being born in mind. The Appellate Division held that the words " my children " are limited